IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § § *Plaintiff*, § § v. § § RUGER VAQUERO REVOLVER § SN:5783260 et al., § § *Defendants*. § | CIVIL ACTION NO. 9:22-CV-150-MJT-CLS |

## REPORT AND RECOMMENDATION ON MOTION FOR DEFAULT JUDGMENT

Pursuant to 28 U.S.C. § 636 and the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges, the district court referred this proceeding to the undersigned United States magistrate judge to conduct all pretrial proceedings, to enter findings of fact and recommend disposition on case-dispositive matters, and to determine non-dispositive matters. Pending before the court is Plaintiff's Motion for Default Judgment. (Doc. #9.) After review, the undersigned recommends granting the motion.

### I. Background

On October 3, 2022, Plaintiff, the United States of America ("Government") filed a verified complaint for civil forfeiture of the following Defendant property seized from Marcus Roberts on May 5, 2022: (1) Ruger Vaquero Revolver Cal:45 SN:5783260; (2) Indian Ishapore 2A Rifle Cal:308 SN:X4796; and (3) Hatfield Gun Company SAS Shotgun Cal:20 SN:20A17003872 ("property"). (Doc. #1.) The complaint asserts that the property is subject to forfeiture pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c) as firearms and/or ammunition involved in or used in a willful violation of 18 U.S.C. §§ 922(b)(5), 922(c), and 922(o).

According to the complaint, investigators from the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") and the Nacogdoches Police Department Street Crimes Unit ("NPD") identified Darius Merricks as a distributor of marijuana, cocaine, and firearms during an investigation beginning in March 2022. (Doc. #1-1 at ¶ 5.) The investigators uncovered violations of 21 U.S.C. § 841(a)(1) and 18 U.S.C. §§ 922(g), 924(c), and 922(o). (Doc. #1-1 at ¶ 5.) ATF and NPD, through a confidential informant, conducted seven controlled purchases of illicit substances and firearms from Merricks. (Doc. #1-1 at ¶ 6.) The investigators further identified Marcus Roberts as being involved with Merrick's firearms trafficking. (Doc #1-1 at ¶ 7.) The investigators conducted several controlled purchases of firearms involving Roberts through a confidential informant during April and May of 2022. (Doc. #1-1 at ¶¶ 8-14.) On May 5, 2022, law enforcement executed search warrants at 5784 FM 698, Nacogdoches, Texas, and 310 Scarborough, Nacogdoches, Texas, and the property was among the firearms seized from both locations. (Doc. #1-1 at ¶ 17.) After the search warrants were executed, law enforcement interviewed Roberts, and the complaint alleges that Roberts unlawfully sold firearms to Merricks, a person he knew was a drug dealer and addicted to controlled substances. (Doc. #1-1 at ¶ 18.) Accordingly, the complaint alleges that the property is subject to forfeiture pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c) as firearms and/or ammunition involved in or used in a willful violation of 18 U.S.C. §§ 922(b)(5), 922(c), and 922(o). (Doc. #1-1 at ¶ 19.)

An Order for Warrant of Arrest *in rem* was entered on October 5, 2022 (doc. #3), and the property was arrested by ATF pursuant to a Warrant of Arrest issued by the Clerk (doc. #4). The Government sent a copy of the Complaint for Forfeiture and the Notice of Complaint for forfeiture to potential claimant Marcus Roberts to his last known address by regular and certified mail. (Doc. #9 at ¶ 4.) The process receipt reveals successful delivery to Roberts. (Doc. #9-1.) Additionally,

pursuant to Supplemental Rule for Admiralty or Maritime Claims and Asset Forfeiture Actions G(4)(a)(iv)(C), the Government posted a Notice of Civil Forfeiture at www.forfeiture.gov for at least thirty consecutive days beginning on October 22, 2022, and ending on November 20, 2022. (Doc. #9 at ¶ 3.)

The Government filed the pending Motion for Default Judgment (doc. #9) on December 28, 2022, and filed supplemental documents to the motion on January 17, 2023, including a copy of the Notice of Civil Forfeiture (doc. #12) sent to Roberts and a notice (doc. #13) to the court that ATF initiated an timely administrative forfeiture claim on the property on May 25, 2022, in compliance with 18 U.S.C. § 983(3)(A). The Government asserts that the potential claimant, Marcus Roberts, has failed to plead or otherwise defend against this action as required by law. (Doc. #9 at ¶ 5.) Therefore, the Government requests that the court enter a judgment and forfeiture as to any and all claimants or potential claimants pursuant to Rule 55 of the Federal Rules of Civil Procedure.

## II.     Legal Standard

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). After a defendant has defaulted, judgment shall be entered upon affidavit of the amount due if the plaintiff's claim is for a sum certain or a sum that can be made certain by computation. FED. R. CIV. P. 55(b). The plaintiff must file an affidavit stating whether the defendant is in military service before the court can issue a default judgment. 50 U.S.C. § 3931(b)(1)[1].

---

[1] The undersigned finds that this statute does not apply in this case, as the statute addresses "defendants" rather than "claimants," and the undersigned is not aware of any cases holding that this statute applies to servicemembers who are potential claimants, rather than defendants.

Default judgments "are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Lewis v. Lynn,* 236 F.3d 766,767 (5th Cir. 2001) (citing *Sun Bank of Ocala v. Pelican Homestead and Savings Ass'n.,* 874 F.2d 274, 276 (5th Cir. 1989)). The plaintiff "is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Settlement Funding, LLC v. TransAmerica Occidental Life Ins. Co.,* 555 F.3d 422, 424 (5th Cir. 2009). Rather, the court must determine: "(1) whether default judgment is procedurally warranted; (2) whether the Government's Complaint sufficiently sets forth facts establishing that it is entitled to relief; and (3) what form of relief, if any, the Government should receive." *United States v. Giles*, 538 F. Supp. 2d 990, 993 (W.D. Tex. 2008). After a default judgment, the plaintiff's well-pleaded factual allegations are taken as true. *U.S. for Use of M-Co Constr., Inc. v. Shipco Gen., Inc.,* 814 F.2d 1011, 1014 (5th Cir. 1987).

**III.    Discussion**

The court must address both the procedural and substantive standards to warrant the default judgment.

A.    Procedural Standard

The court considers the six *Lindsey* factors to satisfy the procedural standard to warrant entry of a default judgment: (1) whether there are material fact issues; (2) whether there has been substantial prejudice; (3) whether the grounds for default are clearly established; (4) whether default was caused by a good faith mistake or excusable neglect; (5) harshness; and (6) whether the court would feel obligated to set aside a default on the defendant's motion. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

Here, the *Lindsey* factors have been met in favor of default judgment. The owner of the property has not made an appearance. A court may enter a default judgment when a party has

failed to plead or otherwise defend.  FED. R. CIV. P. 55.  Pursuant to Supplemental Rule for Admiralty or Maritime Claims and Asset Forfeiture Actions G(4)(a)(iv)(C), the Government posted the Notice of Civil Forfeiture at www.forfeiture.gov for at least thirty consecutive days beginning on October 22, 2022.  (Doc. #9 at ¶ 3.)  The Notice required any claimant to the property to file a claim with the court within sixty days from the first date of publication of the Notice, and to serve and file an answer to the complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure within twenty-one days after the filing of the claim, as provided by Supplemental Rule of Certain Admiralty and Maritime Claims and Asset Forfeiture Actions (G)(5).  In addition to notice by publication, the Government sent a copy of the Complaint for Forfeiture and Notice of Complaint for Forfeiture by regular and certified mail to the potential claimant.  (Doc. #9 at ¶ 4.)

      B.  <u>Substantive Standard</u>

Default judgment is also substantively warranted here.  The well-pleaded allegations in the complaint are that Roberts engaged in various criminal activity and unlawfully sold the property to Merricks in violation of 18 U.S.C. §§ 922(b)(5), 922(c), and 922(o).  (Doc. #1-1 at ¶¶ 18-19.)  The property is thus subject to forfeiture to the United States pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).  As a result, the Government's Motion for Default Judgment should be granted, and the court should enter a default judgment pursuant to Rule 55(b)(2).

**IV.  Recommendation**

For the foregoing reasons, the undersigned recommends **GRANTING** the Government's Motion for Default Judgment (doc. #9).  The court should issue a default judgment, holding that Defendants Ruger Vaquero Revolver Cal:45 SN:5783260, Indian Ishapore 2A Rifle Cal:308 SN:X4796, and Hatfield Gun Company SAS Shotgun Cal:20 SN:20A17003872 are forfeited to

the United States with all right, title, or interest vesting in the United States. Any persons or entities that could claim any right, title, or interest in Defendants are divested of any right, title, or interest that they could claim.

### V.    Objections

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this the 1st day of February, 2023.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE